## DURBIN, Appellant v HUMPHREY COMPANY, Appellee.

Ohio Appeals, 8th District, Cuyahoga County.

No. 18434.   Decided March 13, 1942.

Harrison & Marshman, Cleveland, for appellant.
McKeehan, Merrick, Arter & Stewart, Cleveland, for appellee.

Judges of the 9th District sitting by designation in place of Judges Lieghley, Morgan and Skeel, of the 8th District.

### OPINION

By DOYLE, PJ.

This action is one in tort bottomed upon the claimed negligence of the defendant.

The Court of Common Pleas of Cuyahoga county granted a motion, interposed by the said defendant at the conclusion of all of the evidence, to arrest the testimony from the consideration of the jury. Judgment was entered in conformity to this ruling.

The plaintiff has prosecuted an appeal to this court on questions of law.

It is claimed by the appellee (defendant below) that the notice of appeal is "fatally defective and the appeal should be dismissed." The appellant makes "application for leave to amend (the) notice of appeal."

The controversial notice, excluding the caption and signature, is in the following terms:

"The plaintiff hereby gives notice of appeal to the Court of Appeals of Cuyahoga County, Eighth District, from a judgment rendered by the Court of Common Pleas of Cuyahoga County in the above entitled case, on the 7th day of June, 1941, which judgment reads as follows:

" 'Motion for new trial is overruled, to which plaintiff excepts.'

"Said order referred to the court's prior ruling of May 8, 1941, which was as follows:

" 'The parties by their attorneys come and a jury is duly impaneled and sworn. Thereupon at the conclusion of all the testimony, motion by defendant to arrest the testimony from consideration of the jury and for judgment in its favor, is granted. Thereupon, plaintiff's petition is dismissed and judgment rendered for the defendant for costs. Plaintiff excepts. It is therefore considered that said defendant go hence without day and recover of said plaintiff its costs of this suit. Judgment is rendered against the plaintiff for the costs herein. Official court reporter in attendance and fee of $16.00 ordered paid as costs.'

"This appellant represents that such appeal is on questions of law arising from the errors of law in the record and proceedings in this cause."

It is urged that the notice is directed to the trial court's ruling on the motion for new trial and is therefore insufficient to "bring to this court anything for review," because no complaint is made of abuse of the court's discretion.

The entire record displays but one final order from which appeal could be prosecuted, and that is the judgment entered May 8, 1941. And while the notice of appeal does in so many words specify the order overruling the motion for a new trial as the order from which the appeal is taken, neverthless the incorporation by reference of the prior judgment leaves no uncertainty as to the final order from which the appeal was taken.

The purpose of the notice of appeal was to "apprise the opposite party of the taking of an appeal." In the opinion of the members of this court, such purpose was accomplished; and although the

notice was technically incorrect the appellee was not prejudiced thereby. See **Capital Loan & Sav. Co. v Biery, 134 Oh St 333,** at p. 339. Under these circumstances and in "the furtherance of justice and for good cause shown" (§12223-5 GC), leave is granted the appellant to amend the notice of appeal to read as follows:

"The plaintiff hereby gives notice of appeal to the Court of Appeals of Cuyahoga County, Eighth District, from a judgment rendered by the Court of Common Pleas of Cuyahoga County in the above entitled case, on May 8, 1941. On the 7th day of June, 1941, the Court of Common Pleas made the following order:

" 'Motion for new trial is overruled, to which plaintiff excepts.'

"Said order referred to the Court's judgment of May 8, 1941, which was as follows:

"* * *"

A recital of the claims, defenses and evidence in this case would serve no useful purpose. They are sufficiently incorporated in the opinions of the Supreme Court of Ohio in two previous reviews: **Durbin v The Humphrey Co., 133 Oh St 367,** and **Durbin v The Humphrey Co., 137 Oh St 177.**

In the first review by the Supreme Court, it was determined that the evidence adduced by the plaintiff was such that "it is reasonably possible for impartial men and women to fairly draw different conclusions therefrom" **(133 Oh St 367,** at **371),** and therefore a motion to arrest the testimony from the jury at the conclusion of the plaintiff's evidence was improperly sustained.

In the second review, the Supreme Court had under consideration the entire record, which included the evidence not only of the plaintiff but also that of the defendant.

The court in consideration of the evidence stated:

"As to the appeal of the defendant below, there not being four judges of this court who are of the opinion that the trial court committed error in overruling the motions of the defendant for a directed verdict and for judgment notwithstanding the verdict, the judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas in that respect, is therefore affirmed." **(137 Oh St 177,** at **pp. 179-180.)**

The record before this court in this appeal, in so far as the claimed negligence is concerned, is substantially the same as that reviewed by the Supreme Court. In view of that fact it would be presumptuous for any court inferior to the Supreme Court to conclude as a matter of law that the record did not present sufficient evidence to require submission thereof to a jury. Such inferior courts are bound by the

judgments of the Supreme Court, whether reached by a divided court or otherwise.

The judgment of the Court of Common Pleas in withdrawing the evidence from the consideration of the jury and entering judgment for the defendant is reversed, and the cause is remanded to the Court of Common Pleas for retrial.

Judgment reversed.

STEVENS, J., & WASHBURN, J., concur.